# United States District Court
# Central District of California
# Western Division

ELIZABETH JONATHON GONZALEZ MARCIEL,

   Petitioner,

 v.

CHAD WOLF, *et al.*,

   Respondents.

ED CV 20-01213 TJH (JDEx)

Order JS-6

  The Court has considered Petitioner's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, together with the moving and opposing papers.

  Petitioner, an immigration detainee at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"], filed this petition, seeking release from immigration detention based on three claims. The first claim challenged the conditions of confinement at Adelanto in light of the COVID-19 pandemic, based on a violation of substantive due process under the Fifth Amendment. The second claim challenged Petitioner's prolonged detention without a bond hearing, based on violations of procedural due process under the Fifth Amendment as well as the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. The third claim challenged his continued

detention without bail under the Eighth Amendment.

On April 13, 2020, in *Roman, et al. v. Wolf, et al.*, CV 20-768 TJH (PVCx) ["*Roman*"], Petitioners-Plaintiffs Kelvin Hernandez Roman, Miguel Aguilar Estrada, and Beatriz Andrea Forero Chavez, on behalf of themselves and all others similarly situated, filed a combined petition for a writ of *habeas corpus* and complaint for injunctive and declaratory relief premised on a Fifth Amendment substantive due process violation based on the conditions of confinement at Adelanto.

On April 23, 2020, the Court provisionally certified *Roman* as a mandatory class action under Fed. R. Civ. P. 23(b)(2), and, subsequently, stayed the instant action pending the outcome of *Roman*. On September 22, 2020, the Court certified the mandatory *Roman* class on a non-provisional basis. Because of *Roman*, Petitioner's substantive due process claim is, now, moot.

Petitioner's prolonged detention claim fails, here, because the appropriate remedy for that claim would be a bond hearing and not release.

Because Petitioner is a civil detainee, the Eighth Amendment does not apply. *See Smith v. Wash.*, 781 F. App'x. 595, 597 (9th Cir. 2019).

Accordingly,

It is Ordered that the petition for writ of *habeas corpus* be, and hereby is, Dismissed.

It is further Ordered that Petitioner shall remain released subject to the terms and conditions previously ordered by this Court in this action and/or *Roman*.

Date: July 13, 2021

_____
Terry J. Hatter, Jr.
Senior United States District Judge